# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:01CR00015-001 |
| v. ) | **OPINION** |
| ) | |
| **JESSE E. HOFFMAN, III,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jesse E. Hoffman, III, Pro Se Defendant.*

The defendant was convicted and sentenced by this court in 2002 to a lengthy term of imprisonment. On appeal, his sentence was affirmed. *United States v. Hoffman*, 85 F. App'x 952 (4th Cir. 2004) (unpublished). A later motion under 28 U.S.C.A. § 2255 (West Supp. 2012) was unsuccessful. *Hoffman v. United States*, Nos. Civ. A. 7:05CV00046, Crim. A. 3:01CR00015, 2005 WL 2035071 (W.D. Va. Aug. 22, 2005). He received sentence reductions in 2008 and 2011 based on the retroactive reductions in the guidelines for crack cocaine.[1]

---

[1] The defendant was originally sentenced to a total of 384 months imprisonment. In 2008 his sentence was reduced to 322 months and in 2011 his sentence was reduced to 270 months.

The defendant has now filed a pro se motion.[2] In it, he contends that in determining his guideline range under the Sentencing Guidelines, the court did not have jurisdiction to apply a criminal history point resulting from a prior juvenile criminal conviction because the prior conviction was not shown to be within the applicable time period. He requests the court to remove the one point and resentencing him on the basis of a lower Criminal History Category.[3]

I find that the defendant's submission is properly construed as a § 2255 motion. When a criminal defendant files a motion bringing a claim that he is entitled to relief from the criminal judgment in some respect, regardless of the title

---

[2] The same motion has been docketed twice and so appears on the record as two different motions. (ECF Nos. 148, 149.)

[3] The Sentencing Guidelines provide that for offenses committed prior to age eighteen, one criminal history point is added for each sentence not exceeding sixty days, imposed within five years of the defendant's "commencement of the instant offense." U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(d)(2)(B). In sentencing the defendant, the court added one criminal history point for the defendant's prior state sentence for shooting into an occupied dwelling on April 19, 1995, which offense occurred when he was sixteen years old, and for which he received probation until age twenty-one. The defendant was determined to have a total of four criminal history points, which placed him in Criminal History Category III, covering four to six criminal history points. The drug conspiracy to which the defendant pleaded guilty in this court was alleged to have started "at least as early as late 1999 or early 2000." (Indictment, Count One.) The Presentence Investigation Report recites that the prior sentence was imposed on September 12, 1995. The defendant argues that it was not shown that the prior offense occurred within five years of the beginning of the drug conspiracy, but the guideline starts the relevant time at the date of imposition of the prior sentence, not the date of the offense. *See* USSG § 4A1.2(d)(2)(B); *United States v. Battle*, 499 F.3d 315, 326 (4th Cir. 2007). From "late 1999 or early 2000" to September 12, 1995, is certainly within five years.

the defendant places on the motion, the court should construe it as a habeas action and dismiss it as successive if the defendant has previously sought habeas relief from the same judgment. *See, e.g., Gonzalez v. Crosby,* 545 U.S. 524, 530–32 (2005).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. *See* § 2255(h). The defendant previously filed a § 2255 motion concerning this same conviction and sentence which was denied by this court. Because the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current motion without prejudice.[4]

A separate Final Order will be entered herewith.

DATED: October 29, 2012

/s/ James P. Jones
United States District Judge

---

[4] In any event, ordinarily alleged errors in interpreting or applying the sentencing guidelines fall short of the complete miscarriage of justice showing necessary to support § 2255 relief. *See United States v. Mikalajunas,* 186 F.3d 490, 496 (4th Cir. 1999) (finding that alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice").